1  Michael A. McGill, SBN 231613
2  mcgill@policeattorney.com
   Dale G. Nowicki, SBN 266652
3  dale@policeattorney.com
4  LACKIE, DAMMEIER & MCGILL APC
   367 North Second Avenue
5  Upland, California 91786
6  Telephone: (909) 985-4003
7  Facsimile: (909) 985-3299

8  Attorneys for Plaintiff/Petitioner,
9  ANDY BARILLAS

FILED

2011 OCT 28 PM 3: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

10 **UNITED STATES DISTRICT COURT**

11 **CENTRAL DISTRICT OF CALIFORNIA**

12

13 ANDY BARILLAS,                Case No. **CV11-8975-JHN (AJWx)**

14

15              Plaintiff/Petitioner,    **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR**

16       v.                               **VIOLATION OF INDIVIDUAL**

17 CITY OF INGLEWOOD, a municipal    **CIVIL RIGHTS AND**
   corporation; INGLEWOOD CITY       **LIBERTIES WITH**
18 COUNCIL; INGLEWOOD BOARD OF       **SUPPLEMENTAL STATE LAW**
   CIVIL SERVICE REVIEW; CAL         **CLAIMS**
19 SAUNDERS, individually and as City
20 Attorney for the City of Inglewood;    **DEMAND FOR JURY TRIAL**
   LARRY PETERSON, individually and
21 as Counsel for the Inglewood Board of
22 Civil Service Review; ARTIE FIELDS,
   individually and as Inglewood City
23 Administrator; and DOES 1 through 10,
24
25              Defendants/Respondents.
26

27

28

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

Michael A. McGill, SBN 231613
mcgill@policeattorney.com
Dale G. Nowicki, SBN 266652
dale@policeattorney.com
LACKIE, DAMMEIER & MCGILL APC
367 North Second Avenue
Upland, California  91786
Telephone: (909) 985-4003
Facsimile:  (909) 985-3299

Attorneys for Plaintiff/Petitioner,
ANDY BARILLAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY BARILLAS,<br><br>                Plaintiff/Petitioner,<br><br>    v.<br><br>CITY OF INGLEWOOD, a municipal corporation; INGLEWOOD CITY COUNCIL; INGLEWOOD BOARD OF CIVIL SERVICE REVIEW; CAL SAUNDERS, individually and as City Attorney for the City of Inglewood; LARRY PETERSON, individually and as Counsel for the Inglewood Board of Civil Service Review; ARTIE FIELDS, individually and as Inglewood City Administrator; and DOES 1 through 10,<br><br>             Defendants/Respondents. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF INDIVIDUAL CIVIL RIGHTS AND LIBERTIES WITH SUPPLEMENTAL STATE LAW CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

# I.

## PREFATORY

This is an action for damages and injunctive relief for personal injuries suffered by Plaintiff Barillas as a result of due process violations committed by Defendants, as well as supplemental state claims—violations of the Public Safety Officers Procedural Bill of Rights Act, breach of contract, and petition for writ of mandate compelling Defendants to comply with the California Government Code and with the express terms of the Memorandum of Understanding between the parties which set forth specific procedures governing disciplinary appeal cases.

# II.

## JURISDICTION AND VENUE

1.   Plaintiff's action is authorized by 42 U.S.C. §1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States.  Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. §1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. §1343(4), providing for the protection of civil rights.  Federal supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367.  This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202.  Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the County of Los Angeles, within the Central District.

# III.

## PARTIES

2.   Defendant/Respondent, CITY OF INGLEWOOD ("the City"), is a municipality organized and existing under the laws of the State of California and wholly located within the State of California, County of Los Angeles.  The

2

1   Inglewood Police Department is an operating department of the City.  At all times
2   mentioned in this complaint, the City delegated its final policy-making and
3   decision-making authority to its City Administrator, Defendant Artie FIELDS and
4   City Attorney, Defendant Cal SAUNDERS. The City adopted and ratified each of
5   the decisions of FIELDS and SAUNDERS as alleged herein as its own policies,
6   customs, practices or decisions, as if the same had been promulgated directly by
7   the City.

8       3.    Defendant/Respondent INGLEWOOD CITY COUNCIL (Council) is a
9   municipal administrative body organized and existing under the laws of the State
10  of California and wholly located within the State of California, County of Los
11  Angeles. The City Council maintains final policy-making and decision-making
12  authority for the CITY over actions such as the ones alleged herein, and has acted
13  upon, ratified, and adopted each of the decisions of FIELDS and SAUNDERS as
14  alleged herein as its own policies, customs, practices or decisions, as if the same
15  had been promulgated directly by the City.

16      4.    Defendant/Respondent INGLEWOOD BOARD OF CIVIL SERVICE
17  REVIEW (Board) is a municipal administrative body organized and existing under
18  the laws of the City of Inglewood and wholly located within the State of
19  California, County of Los Angeles. The Board maintains final policy-making and
20  decision-making authority for the CITY over actions such as the ones alleged
21  herein, and CITY has acted upon, ratified, and adopted each of the decisions of the
22  Board as alleged herein as its own policies, customs, practices or decisions, as if
23  the same had been promulgated directly by the City.

24      5.    Defendant CAL SAUNDERS is the City Attorney for the City of
25  Inglewood. He maintained this position at all times relevant to this claim.  In doing
26  the things alleged herein, SAUNDERS acted under color of state law, within the
27  course and scope of his employment, and as an official policy-maker for the City.
28  As city attorney, Saunders is vested with policy-making authority over actions

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

3

1 │ such as the ones at issue in this complaint.

2 │     6.   Defendant/Respondent LARRY PETERSON serves as Legal Counsel
3 │ for the Inglewood Board of Civil Service Review. He maintained this position at
4 │ times relevant to this claim.  In doing the things alleged herein, PETERSON acted
5 │ under color of state law, within the course and scope of his employment, and as an
6 │ official policy-maker for the City.  As Board legal counsel, Peterson is vested with
7 │ policy-making authority over actions such as the ones at issue in this complaint.

8 │     7.   Defendant/respondent ARTIE FIELDS is the Inglewood City
9 │ Administrator.  He currently maintains this position.  In doing the things alleged
10 │ herein, FIELDS acted under color of state law, within the course and scope of his
11 │ employment, and as an official policy-maker for the City.  As city administrator,
12 │ Fields is vested with policy-making authority over actions such as the ones at issue
13 │ in this complaint.

14 │     8.   Plaintiff/Petitioner ANDY BARILLAS was at all times relevant to this
15 │ Complaint, a former full-time police officer for the Defendant City of Inglewood
16 │ appealing his employment termination from the Inglewood Police Department.
17 │ Plaintiff/Petitioner was, at all times relevant unless otherwise mentioned herein,
18 │ employed by Defendant City of Inglewood in the capacity of police officer, and as
19 │ such is entitled to the benefits and protections of the Public Safety Officers
20 │ Procedural Bill of Rights ("POBR") Act, Government Code section 3300 et seq.
21 │ Plaintiff/Petitioner's home addresses is confidential under Penal Code §§146(e)
22 │ and 832.7, and Vehicle Code §1808.4(a)(11).

23 │     9.   The true names and capacities of the Defendants named herein as DOES
24 │ 1 through 10, whether individual, government, corporate, associate, or otherwise,
25 │ are unknown to Plaintiff/Petitioners who therefore sue such Defendants by such
26 │ fictitious names pursuant to the California Code of Civil Procedure, Section 474 et.
27 │ seq.

28 │     10.  Defendant DOES 1 through 10, were at all times alleged herein,

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

4

1   employers, employees, agents, partners, servants and joint venturers of Defendants
2   and each of them and in some capacity were responsible for the wrongful acts
3   herein complained of.  Plaintiff/Petitioners are informed and believe that the DOE
4   Defendants herein are California residents and will amend this Complaint to show
5   their true names and capacities once they have been ascertained.

6       11.  The acts alleged and complained of herein, were committed within the
7   jurisdiction of this Court, in the state of California.

8       12.  Each and all of the acts of the Defendants as alleged herein were done
9   by Defendants, their agents, servants, and employees, and each of them as
10  individuals and under the color and pretense of the statutes, ordinances,
11  regulations, customs and usages of the State of California, and under the authority
12  of their employment with full knowledge and approval of their superiors as agents.

### IV.

### FACTS COMMON TO ALL COUNTS

13      13.  All facts stated herein in any one section are incorporated, reiterated,
16  and realleged in every other section.

17      14.  At all times relevant to this action, the City of Inglewood maintained a
18  Memorandum of Understanding ("MOU") with the Inglewood Police Officers
19  Association ("POA"), to which Barillas is a member, entitling terminated
20  employees to an administrative appeal hearing to challenge their discipline.  The
21  hearing officer, or arbitrator, is vested with the authority to hear disciplinary
22  appeals and to determine whether just cause exists to sustain the discipline.  The
23  administrative appeal proceeding was created as part of the City's decision to
24  implement a civil service system and to administer, among other things,
25  substantive and procedural due process.

26      15.  Under the City's policies, a terminated employee has a right to a hearing
27  before an arbitrator.

28      16.  In or about August, 2007, Barilla's employment as an Inglewood Police

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

1  Officer was terminated by the Police Chief. Barilla timely appealed the

2  termination.

3      17. The City's Municipal Code (IMC) § 2-45 provides that employees

4  subject to disciplinary action of a suspension, demotion, or termination may file a

5  written demand for review by a Board of Review (Defendant/Respondent Board).

6      18. The Board is comprised of five uncompensated local citizens appointed

7  by the City (IMC §-22)

8      19. The Board shall hear all appeals and complaints made under the City's

9  Civil Service System (IMC § 2-30).

10      20. The POA negotiated a grievance process within its Memorandum of

11  Understanding (MOU) which included an advisory arbitration and a final decision

12  by the City Administrator, which is exclusive.

13      21. Pursuant to Civil Service Rules and the POA's Memorandum of

14  Understanding which was negotiated with the City, Barillas timely requested an

15  arbitration hearing by the Board.

16      22. Despite the passage of one and a half years, the City refused to grant

17  Barillas a hearing.

18      23. Barillas was forced to obtain a writ of mandamus in the local Superior

19  Court. On or about April 14, 2009, the Honorable Judge Chalfant issued a CCP §

20  1085 writ (# BS116356) ordering the City to provide a constitutionally mandated

21  due process appeal hearing so he could challenge the allegations for which he was

22  terminated, as well as provide for the disclosure of all evidence upon which the

23  City based its termination.

24      24. Over two years from his timely appeal notice, the City had still not

25  complied with the Court's order to provide a constitutionally mandated due process

26  appeal hearing. On or about September 15, 2009, a motion was brought to compel

27  the City's compliance with the writ pursuant to CCP § 1097.

28      25. In or about June 2010, the City finally provided an appeal hearing. The

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Board's appeal hearing was completed on or about August 18, 2010.

2      26.  Besides the three year passage of time in which Barillas was harmed, the
3  hearing conducted by the Board was fraught with due process violations.

4      27.  Subsequent to Barillas' appeal hearing, the Interim City Mayor
5  appointed Mr. Gene Eldridge as a new member of the Board of Civil Service
6  Review. Barillas' administrative counsel objected to the appointment in that the
7  hearing had already proceeded and such appointment was a due process violation.

8      28.  Mr. Eldridge was not present for the first part of Officer Barillas' appeal
9  hearing, and he did not meet his obligation pursuant to the Rules adopted by the
10 Civil Service Board of Review to read all transcripts prior to participating in any
11 hearings (Civil Service Board of Review Procedural Handbook Section II (E))

12     29.  Our firm requested confirmation that Mr. Eldridge read all transcripts
13 prior to his participation in the June 28, 2010 appeal hearing and ruling on
14 evidentiary matters in the hearing; however, he refused to answer, as did the
15 Board's counsel, Ms. Angela Reddock.

16     30.  Based upon information and belief, it was apparent that transcripts were
17 not read prior to the hearing as the Board was unable to provide our firm with the
18 copies of the transcripts from the previous hearing days.

19     31.  Ms. Chibuzo Walton, another Board Member, also was not present on
20 the previous appeal hearings for Officer Barillas; however, she appeared on June
21 28, 2010.

22     32.  Ms. Walton refused to answer whether she met her obligation in reading
23 the transcripts prior to participating in the subsequent hearing days for Officer
24 Barillas.

25     33.  Based on information and belief, due to their failure to answer these
26 questions and to confirm compliance with the Board's own rules, it is clear they
27 acted in bad faith and knowingly failed to follow the Board's rules.

28     34.  The objections were raised both to the Board and the City Manager at

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

7

1  the time these violations occurred.

2      35.  The Board's then legal counsel, Ms. Reddock, was supposed to provide

3  guidance and advice to the Board. It became apparent that her role during the

4  hearing became one of Board decision maker rather than legal counsel.

5      36.  Ms. Reddock made a unilateral decision regarding the Board's refusal to

6  release relevant evidence requested pursuant to a subpoena duces tecum submitted

7  two months prior to her decision. Ms. Reddock claimed she was granted the

8  authority by the Board to make that unilateral decision.

9      37.  Our firm was unable to locate any notification or agendized item

10  outlining the Board's action to grant decision making authority to Ms. Reddock on

11  this matter.

12      38.  Any such action by the majority of the Board would require a vote and

13  proper notification of the agenda item at a Board meeting, as required by the Ralph

14  M. Brown Act. When Plaintiff's counsel requested the date and time when this

15  matter was noticed, Ms. Reddock refused to provide this information, which is

16  public information.

17      39.  Based on information or belief, there were clear violations of the Ralph

18  M. Brown Act, as the Board held off the record discussions and made decisions

19  without providing the requisite publication on these items.

20      40.  At the June 28, 2010 hearing during a break, Board members exited to a

21  side room next to the hearing room. The Board members were heard discussing the

22  hearing off the record, by opposing administrative counsel, Plaintiff, and City's

23  Human Resources representative.

24      41.  The City's representative entered the room to notify the Board members

25  that their conversations could be heard outside. Any discussions off the record

26  regarding the proceedings by a majority of the Board are a violation of the Brown

27  Act

28      42.  In or about April 2010, per the direction of the Superior Court's

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

8

previous writ, Plaintiff requested relevant information pursuant to the Public Records Act.

43. In or about June 2010, Ms. Reddock, pursuant to her alleged authority granted by the Board, refused to produce calls for service to the locations at issue in this matter.

44. The City Attorney's Office had already released this information pursuant to a Public Records Act request for the time period of 2008 to the present time at the time of the request; however, the City refused to produce any information prior to 2008, which is the relevant time period for these appeal hearings, claiming it was privileged.

45. The Board claimed the subpoena was to be denied because the records were irrelevant. However, in the Board's decision they held that there was no legitimate reason for Officer Barillas to be at those locations.

46. Based on information or belief, it is axiomatic that calls for service to a location would certainly show a legitimate reason why officers would be at a specific location.

47. During another officer's hearing in mid-October 2010 and while the final decision from the Board was pending for Officer Barillas' appeal, our office became aware of evidence relating to the administrative investigation of Officer Barillas that had never before been provided.

48. We became aware that the July 11, 2007 summary of a witness that was previously provided to Officer Barillas had an "expanded" version with additional and exculpatory evidence.

49. The "expanded" summary of the July 11, 2007 interrogation of the witness referenced allegations against Plaintiff and evidence of witness tampering where witness stated "*females were paid to make false reports against police officers.*"

50. The documents provided to Plaintiff in August 2007, and relied upon by

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    the Department, did not include the entire investigation summary that it had in its
2    possession when Plaintiff was terminated.

3         51. Per the Superior Court order of April 14, 2009, the judge ordered the
4    production of the "complete unredacted notes, complaints, transcripts of witness
5    interviews, and audio recordings.

6         52. Plaintiff's administrative counsel immediately notified the City
7    Attorney, Defendant SAUNDERS, of this matter as soon as they were discovered.

8         53. The City's Attorney's Office sent correspondence to the Board alleging
9    the *Skelly* violation notification as untimely, since the hearing had already
10   concluded.

11        54. Plaintiff's administrative counsel notified the Board and the City as soon
12   as they discovered the new evidence after the City withheld it for nearly three
13   years.

14        55. The City's Attorney also argued that no violation occurred, since
15   Plaintiff was provided with all of the materials he was entitled to at the *Skelly*
16   hearing.

17        56. The evidence which was relied upon in Plaintiff's termination some
18   three years earlier clearly shows that Inglewood Police Captain Cantrell did in fact
19   review the "*full statements*" when making his recommendation in the Notice of
20   Intent to Terminate.

21        57. Captain Cantrell admitted in a memo he reviewed the entire statement in
22   preparation of his recommendation. However, the full statement summaries for the
23   witness were not provided to Plaintiff until they were discovered in a subsequent
24   appeal hearing.

25        58. The City's Attorney also attempted to justify the withholding by arguing
26   that the information was not provided because it referenced other officers. The City
27   Attorney did not attempt to justify why exculpatory evidence of witness tampering
28   was not included. In addition to the requirement to produce the material pursuant

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

10

1  to state law, a Superior Court judge ordered, on April 14, 2009, the City to produce
2  ALL of the materials from the investigation and not just the material that
3  referenced Plaintiff.

4    59.  Officer Barillas' administrative appeal hearing ended on August 18,
5  2010.

6    60.  Plaintiff's administrative counsel received notification on November 9,
7  2010 from Ms. Reddock that she received the recent objections regarding the
8  *Skelly* violations, and that she intended to issue the final decision at the end of the
9  following week, nearly three months after the conclusion of the hearing.

10    61.  After not receiving an update regarding the status of the decision, our
11  office contacted Ms. Reddock on December 17, 2010, nearly four months after the
12  conclusion of the hearing, to inquire about the status of the decision.

13    62.  On December 20, 2010, Ms. Reddock responded stating that the Board
14  was "waiting for the completion of the Cisneros matter in view of the related issue
15  of a witness providing further testimony."

16    63.  On December 21, 2010, we immediately objected to Ms. Reddock and
17  the Board's unilateral decision to utilize testimony from a separate, confidential
18  hearing in its decision of Officer Barillas' appeal.

19    64.  Ms. Reddock admitted to utilizing testimony, in a completely separate
20  proceeding, from a witness who NEVER testified in Officer Barillas' appeal, for
21  its decision in Officer Barillas' appeal,

22    65.  The Board was now admittedly relying on evidence that was not related
23  to what was presented at the appeal of Officer Barillas.

24    66.  When confronted with this due process violation, Ms. Reddock
25  defended her actions by alleging that our firm requested to reopen the hearing to
26  call this witness that had never before testified and was now testifying in a
27  separate, confidential hearing.

28    67.  When confronted with this false assertion by Ms. Reddock, Ms.

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

11

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Reddock apologized for the confusion and said that the decision would be forthcoming. Her email stating the decision would be forthcoming was sent on December 22, 2010.

68. On or about January 4, 2011, Ms. Reddock contacted Plaintiff's administrative counsel, Ms. Saku Ethir, to advise that the decision would be issued by January 7, 2011.

69. On January 18, 2011, after not receiving the decision as guaranteed by Ms. Reddock and approaching the five month mark since the conclusion of the hearing, we contacted Ms. Reddock regarding the status of the decision.

70. She stated on January 18, 2011 that we would have it by tomorrow for sure. Our office did not receive anything on January 19, 2011.

71. On January 20, 2011, Ms. Reddock sent an email stating that she was making the final edits and that she would "for sure" have it to us by the end of the day. Since we did not receive the decision on January 20, 2011 as assured by Ms. Reddock, we contacted her to obtain the decision on January 21, 2011, which was eventually sent to us on that date.

72. Ms. Reddock's continual false guarantees were concerning, but not nearly as concerning as the approximate five (5) month delay in issuing a decision by the Board. The issuance of the decision took longer than the appeal hearing itself.

73. The Board's rules requires the issuance of a decision within 30 days. During the hearing, Ms. Reddock requested an extension for a total 60 days, which was granted by both parties.

74. Throughout the appeal hearing, the Board continued to limit witness testimony, procedural issues, and closing arguments to the detriment of Plaintiff Barillas under the premise of the necessity of moving the matter along. However, the Board took nearly five months to issue a decision in the matter, and it has now been over ten months since the decision of the Board, and this matter is still

12

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

1  pending.

2      75. On or about January 28, 2011, we received a letter dated January 26,
3  2011 from Mr. Ken Campos, one of the opposing counsels in Plaintiff Barillas'
4  appeal, stating that the City Council would review the decision on February 8,
5  2011.

6      76. Mr. Campos is separate legal counsel to the City Council. The City
7  Council failed to contact the Plaintiff or his counsel for the scheduling of this
8  matter, and instead Plaintiff's counsel was contacted by opposing counsel,
9  implicating ex parte communications between the decision maker and the opposing
10 counsel.

11     77. After not receiving any notification from the City after the February 8,
12 2011 City Council meeting, we contacted Mr. Campos on May 3, 2011 to inquire
13 as to the status of the matter.

14     78. Having not received a response, we contact Mr. Campos a second time
15 on May 24, 2011. Our response went unanswered.

16     79. On or about June 27, 2011, we contacted the City Council for a decision.
17 Only upon our contact to City Council, did Mr. Campos then respond, which was
18 over five months after the final decision from the Board.

19     80. Mr. Campos notified our office in his letter dated June 27, 2011 stating
20 that it was his understanding the Board was reconsidering its decision based on
21 outstanding issues.

22     81. This was the first notification our office ever received from the City
23 regarding remanding this matter to the Board.

24     82. On or about July 6, 2011, we received a notification from Defendant
25 Peterson, new counsel to the Board. Plaintiff's counsel notified Mr. Campos, and
26 sent a copy of the original letter we sent to Mr. Campos to Defendant Peterson,
27 requesting that Plaintiff's counsel be cc'ed on all correspondence between the
28 Board and opposing counsel. Defendant Peterson notified that he had emailed a

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

13

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 letter to Mr. Campos.

2      83. On July 20, 2011, we requested a copy of that letter and was provided
3 one by Mr. Peterson.

4      84. At that time, it came to our attention that the Board reviewed the matter
5 again based on discrepancies in Ms. Reddock's decision and the actual evidence
6 presented by the City.

7      85. On July 21, 2011, we requested copies from Mr. Peterson of all
8 communication to Mr. Campos.

9      86. We were forwarded emails from May of 2011 between Mr. Campos and
10 Defendant Peterson indicating that the Board was also having communication with
11 "Cal", who was later identified as Defendant Cal Saunders of the City Attorney's
12 Office, regarding the decision.

13      87. Defendant Saunders was opposing counsel during the administrative
14 Board hearing.

15      88. Subsequent to the inadvertent disclosure, we requested copies of ALL
16 COMMUNICATIONS between the Board and opposing counsel (the Inglewood
17 City Attorney's Office).

18      89. Mr. Peterson responded on July 21, 2011 stating that he has no further
19 comments on this matter absent direction from the City Attorney.

20      90. As of July 21, 2011, we became aware of numerous correspondences
21 between the Board and the Inglewood City Attorney's Office, who was opposing
22 counsel in this matter.

23      91. On or about July 25, 2011, Plaintiff's administrative counsel wrote a
24 letter to the Defendant City Council outlining the due process and evidentiary
25 violations, and requested an "immediate disclosure of all correspondence/
26 communications between the City Council, the Board of Civil Service Review, the
27 counsels to the Board of Civil Service Review, and anyone associated with the
28 Inglewood City Attorney's Office regarding Plaintiff Barillas' appeal."

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

14

92. Plaintiff's letter stated that "if the City is refusing to disclose these ex parte communications, we ask that you immediately take all necessary steps to preserve any and all correspondence/communications regarding Officer Barillas' appeal as outlined above."

93. Based on information and belief, it is our understanding Defendant Peterson is supposed to be neutral counsel to the Board of Civil Service Review; however, his refusal to comment absent direction from the City Attorney's Office, who is opposing counsel in this matter, clearly indicates he is under the direction of the City Attorney's Office.

94. Based on information or belief, it is clear the City Attorney's Office is influencing the Board's counsel, who is advising the decision makers in this matter.

95. Plaintiff counsel in his administrative appeal was never advised how the Board was notified, who notified the Board, and when the Board was notified to reconsider its decision.

96. Pursuant to Defendant Peterson's letter to Mr. Campos it appears the Board reconsidered this matter in March of 2011 and voted 2-1. This was the first time we were ever notified of a subsequent vote regarding this matter after the January 2011 decision.

97. Based upon information and belief, the City Attorney's Office appears to have been kept apprised of the status of the Board's new decision pursuant to the May 19, 2011 correspondence between Mr. Campos and Defendant Peterson.

98. Defendant Peterson references in his email that he advised Cal (Defendant Saunders of the City Attorney's Office) of the problem 2-3 weeks prior to the email. Clearly, the Board's counsel was discussing the pending matter and the Board's reconsideration of its decision with opposing counsel.

99. Officer Barillas was NEVER notified nor provided an opportunity to discuss the matter.

15

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

100. It now appears as though a THIRD vote was taken in June of 2011.

101. Subsequent to July 2011, Plaintiff's administrative counsel has made numerous repeated attempts to advance this matter and have a decision rendered. The Defendants have failed to communicate with, answer reasonable queries, or comply with due process.

102. It is now late October 2011, and Defendants have still not issued a decision in Plaintiff's termination which occurred over four years ago, in violation of a Superior Court writ and Plaintiff's constitutional right to due process.

103. Notwithstanding the numerous requests and demands by Barillas to proceed with his administrative appeal, Defendant/Respondents refuse to comply with their ministerial, contractual, and constitutional duty to do so.

# V.

# CLAIMS

# COUNT ONE

## *42 U.S.C. 1983*

### *By Plaintiff Barillas Against All Defendants*

104. Plaintiff re-allege each and every preceding paragraph as though set forth in full here.

105. Plaintiff Barillas had and has a property interest in his employment as a peace officer for the City of Inglewood under, *inter alia*, the Fourteenth Amendment.[1]

---

[1] Here, Plaintiff Barillas' property interests are defined by state and federal law. *See* Public Safety Officers Procedural Bill of Rights Act, CAL. GOV. CODE §§ 3300-3312; *see also Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir.2001) ("An individual 'has a constitutionally protected property interest in continued employment . . . if he has a reasonable expectation or a "legitimate claim of entitlement" to it, rather than a mere "unilateral expectation."'" (citation omitted)); *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir.1988) ("A legitimate claim of entitlement arises if it is created by 'existing rules or understandings that stem from an independent source such as state law.' Thus '[s]tate law defines what is and

16

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

1    106.Plaintiff Barillas had and has a fundamental and vested property interest
2  in employment that necessarily includes the right to procedural and fundamental
3  fairness in any administrative hearing process concerning the status of this property
4  interest right as concerns his employment with the City.

5    107.Plaintiff Barillas was deprived of his vested property interest in
6  employment when Defendants, without justification, refused to fully proceed with
7  the administrative hearing process which includes decision making.

8    108.Plaintiff Barillas was denied due process by the City's failure to ensure
9  that he be provided with an administrative appeal hearing as guaranteed him under
10  the MOU and the City's Civil Service Rules and subsequently had to obtain a writ
11  for such action.

12    109. The Defendants have failed to comply with the original writ to insure
13  Barillas' due process rights for over two years.

14    110. The Defendant Board members have consistently violated the Ralph M.
15  Brown Act as the Board held off the record discussions and made decisions
16  without providing the requisite publications.

17    111. The Defendants failed to turn over exculpatory evidence in violation of
18  Plaintiff/Petitioner's due process rights, as well as the Writ.

19    112. Defendants attempted to utilize testimony from a separate, confidential
20  hearing in its decision of Officer Barillas' appeal, resulting in irreversible harm
21  caused to Plaintiff.

22    113. Defendants actions have resulted in the presence of a significantly
23  biased decision maker in an adjudicative government action resulting in a
24  fundamental violation of procedural due process.

25    114. Plaintiff was denied copies of the communications between the Board's
26  independent counsel and the Inglewood City Attorney's Office, absent further
27  _____
28  what is not property' that is subject to the due process clause of the Fourteenth
   Amendment." (citation & fn. omitted)).

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

17

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   direction from the Defendant City Attorney, and his office, to Defendant Peterson.

2       115. The aforementioned actions and omissions by the City violated

3   Barillas's due process rights under state and federal law.

4       116. It was or should have been plainly obvious to any reasonable policy

5   making official of the City that the acts and omissions of City as alleged herein

6   directly violated and continued to violate Barillas's clearly established

7   constitutional and statutory rights. In doing the things alleged herein, the City

8   acted with malicious intent to violate Plaintiff Barillas's rights, or at least in

9   conscious, reckless, and callous disregard of Barillas's rights and to the injurious

10   consequences likely to result from a violation of said rights. General and special

11   damages are sought according to proof. Punitive damages are sought against the

12   individual defendants, according to proof.

13       117. Plaintiff Barillas has no plain, speedy nor adequate remedy at law to

14   prevent future violations of his civil rights, and therefore seeks extraordinary relief

15   in the form of permanent injunctions, as hereafter described. Damages alone are

16   inadequate and injunctive relief is sought to command Defendants to provide

17   Plaintiff with timely administrative appeal decision with proper consideration of

18   Plaintiff's constitutional due process rights .

19                   **COUNT TWO**

20           **Petition for Writ of Mandate (C.C.P. § 1085)**

21            *By Petitioner Against All Respondents*

22       118. Petitioner re-alleges each and every preceding paragraph as though set

23   forth in full here.

24       119. Respondents have a clear, present, and ministerial duty to comply with

25   their own MOU, Civil Service Rules, and the Superior Court Writ.

26       120. Respondents have failed to comply with their ministerial duty to

27   perform in accordance with the MOU. The Defendants have refused to insure the

28   Board Members complied with Civil Service Rules, turn over all relevant evidence,

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

18

1  perform as independent decision makers, have independent counsel for the Board,

2  have  failed to comply with the Ralph M. Brown Act, and continue to partake in ex

3  parte communications. *See Zeron v. City of Los Angeles*, 67 Cal. App. 4th 639, 646

4  (1998) ("[A] civil service employee is entitled to a strict interpretation of the

5  statutory rules for dismissal.").

6  121. Respondents also have a clear, present, and ministerial duty to comply

7  with the Public Safety Officers Procedural Bill of Rights Act, at Cal. Gov't Code §

8  3300 et seq.  California Government Code § 3304.5 (Administrative appeal rules)

9  states that "[a]n administrative appeal instituted by a public safety officer under

10  this chapter shall be conducted in conformance with rules and procedures adopted

11  by the local public agency."

12  122. Petitioner is a public safety officer who instituted his administrative

13  appeal under the Public Safety Officers Procedural Bill of Rights Act.

14  123. The City of Inglewood has failed to conduct Officer Barillas's

15  administrative appeal in conformance with its own rules and procedures.

16  124. Petitioners have exhausted all administrative remedies to compel the

17  relief sought herein.  Petitioners have no other plain, adequate or speedy remedy in

18  the ordinary course of law.

19  125. Petitioners are beneficially interested in the compelling of the

20  ministerial duty of the Respondents, and as such are entitled to issuance of a writ

21  pursuant to California Code of Civil Procedure Section 1086.

## COUNT THREE

### Violation of Public Safety Officers Procedural Bill of Rights Act –
### Gov't Code § 3304

*Plaintiff Barillas Against Defendant City of Inglewood*

26  126. Plaintiff re-alleges each and every preceding paragraph as though set

27  forth in full here.

28  127. Government Code § 3304(b) requires that if "[n]o punitive action, nor

19

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

1  denial of promotion on grounds other than merit, shall be undertaken by any pubic
2  agency . . . without providing the public safety officer with an opportunity for
3  administrative appeal." Under the Public Safety Officers Procedural Bill of Rights
4  Act, "punitive action means any action that may lead to *dismissal, demotion*,
5  suspension, *reduction in salary*, written reprimand, or transfer for purposes of
6  punishment." Gov't Code § 3303 (emphasis added).

7      128.By dismissing Plaintiff from his positions as a Inglewood Police Officer,
8  Defendant City of Inglewood took punitive action against Plaintiff. As such,
9  Plaintiff Barillas is entitled to an administrative appeal hearing.

10      129. An administrative appeal hearing must comport with Plaintiff's right to
11  due process and the rules of the entity, which also means that an unbiased decision
12  must be forthcoming.

13      130.By refusing to proceed further with Plaintiff Barillas's administrative
14  appeal hearing, Defendant City of Inglewood violated Government Code §
15  3304(b).

16      131.Defendant City of Inglewood employs law enforcement personnel,
17  including Plaintiff, and is charged with the duty of acting in accordance with the
18  requirements of state law, including Government Code section 3300 et seq.

19      132.Government Code Section 3309.5 provides that where it finds that a
20  public safety department has violated any of the provisions of the Public Safety
21  Officers Procedural Bill of Rights Act (Gov't Code sections 3300 et seq.), to
22  render appropriate injunctive or other extraordinary relief to remedy the violation
23  and to prevent future violations of a like or similar nature including, but not limited
24  to the granting of a temporary restraining order, preliminary or permanent
25  injunction prohibiting the public safety department from taking any punitive action
26  against the public safety officer.

27  //

28  //

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

20

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## COUNT FOUR

### Violation of Public Safety Officers Procedural Bill of Rights Act – Gov't Code § 3304.5

*Plaintiff Barillas Against Defendant City of Inglewood*

133.Plaintiff re-alleges each and every preceding paragraph as though set forth in full here.

134.Government Code § 3304.5 states that "[a]n administrative appeal instituted by a public safety officer under this chapter shall be conducted in conformance with rules and procedures adopted by the local public agency."

135.The City violated § 3304.5 by failing to conduct Plaintiff Barillas's administrative appeal in conformance with the rules and procedures adopted by the City and its police department.

136.Defendant City of Inglewood employs law enforcement personnel, including Plaintiff, and is charged with the duty of acting in accordance with the requirements of state law, including Government Code section 3300 et seq.

137.Government Code Section 3309.5 provides that where it finds that a public safety department has violated any of the provisions of the Public Safety Officers Procedural Bill of Rights Act (Gov't Code sections 3300 et seq.), to render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature including, but not limited to the granting of a temporary restraining order, preliminary or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer.

## COUNT FIVE

### Violation of Public Safety Officers Procedural Bill of Rights Act – Gov't Code § 3303(g)

*Plaintiff Barillas Against Defendant City of Inglewood*

138. Plaintiff re-alleges each and every preceding paragraph as though set

21

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

1  forth in full here.

2      139.Defendants withheld evidence for over three years in a clear violation of
3  our client's *Skelly* rights, as it was in the Defendant's possession at the time of
4  termination, was relied upon, and was never released to Officer Barillas.

5      140. Pursuant to Government Code Section 3303(g), "the public safety
6  officer shall be entitled to a transcribed copy of any notes made by a stenographer
7  or to any reports or complaints made by investigators or other persons, except
8  those which are deemed by the investigating agency to be confidential."

9      141. The requirement of GC Section 3303(g) includes the disclosure of the
10  raw notes of investigators. *San Diego Police Officers Assn. v. City of San* Diego
11  (2002) 98 Cal.App.4th 779, 783-84.

12      142. The City violated § 3303(g) by failing to provide the interview
13  summary that was relied upon by the Department to justify termination, and there
14  is no exception to the requirement to provide all materials relied upon by the
15  Department to refute a violation of Plaintiff's *Skelly* rights in a termination matter.

16      143.Defendant City of Inglewood employs law enforcement personnel,
17  including Plaintiff, and is charged with the duty of acting in accordance with the
18  requirements of state law, including Government Code section 3300 et seq.
19  Government Code Section 3309.5 provides that where it finds that a public safety
20  department has violated any of the provisions of the Public Safety Officers
21  Procedural Bill of Rights Act (Gov't Code  sections 3300 et seq.), to render
22  appropriate injunctive or other extraordinary relief to remedy the violation and to
23  prevent future violations of a like or similar nature including, but not limited to the
24  granting of a temporary restraining order, preliminary or permanent injunction
25  prohibiting the public safety department from taking any punitive action against
26  the public safety officer.

27  //

28  //

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

**WHEREFORE,** Plaintiff/Petitioners prays that:

1. General, compensatory, and special damages according to proof;

2. Punitive damages against the individually named defendants only;

3. For injunctive relief ordering Defendants

   a) To immediately return Plaintiff to the position he would have been in had he not been subjected to the adverse employment actions;

   b) To expunge any negative personnel documents provided by Defendants relating to the adverse actions that are the subject of this action; and

   c) To take any and all necessary and reasonable steps to remove the stigma and negative perception of Plaintiff;

4. Writ of Mandate issue compelling Respondents to immediately comply with applicable statutory code and constitutional due process rights, specifically enforcement of the Superior Court Writ (#BS116356), Gov't Code §§ 3303(g) and 3304.5 and the express terms of the MOU between the parties pursuant to Code of Civil Procedure §§ 1085, 1086—compelling Respondents to proceed with independent decision making in accordance with Barillas' due process rights;

5. For attorney's fees as permitted by law;

6. For costs of suit;

4. For interest as provided by law; and

5. For each other and further relief as the Court deems just and proper.

//

//

//

//

23

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

Dated:  October 28, 2011                    LACKIE, DAMMEIER & MCGILL APC


                                            _____
                                            Michael A. McGill, Esq.
                                            Dale G. Nowicki, Esq.
                                            *Attorneys for Plaintiff/Petitioner*,
                                            ANDY BARILLAS


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  October 28, 2011                    LACKIE, DAMMEIER & MCGILL APC


                                            _____
                                            Michael A. McGill, Esq.
                                            Dale G. Nowicki, Esq.
                                            *Attorneys for Plaintiff/Petitioner*,
                                            ANDY BARILLAS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 8975 JHN (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Dale G. Nowicki, (SBN 266652)
dale@policeattorney.com
LACKIE, DAMMEIER & MCGILL, APC
367 North Second Avenue
Upland, CA 91786

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANDY BARILLAS,

|  |  |
|---|---|
| PLAINTIFF(S) | CASE NUMBER |
| v. | **CV11-8975**—JHN (AJLA) |
| CITY OF INGLEWOOD, a municipal corporation; INGLEWOOD CITY COUNCIL; (See Attachment) | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): CITY OF INGLEWOOD, a municipal corporation; INGLEWOOD CITY
      COUNCIL;  (See Attachment)

A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Dale G. Nowicki _____, whose address is Llackie, Dammeier & McGill, 367 North Second Avenue, Upland, CA 91786 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _OCT 2 8 2011_

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**SUM-200(A)**

| SHORT TITLE:<br>BARILLAS v. CITY OF INGLEWOOD, ET AL | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

INGLEWOOD BOARD OF CIVIL SERVICE REVIEW; CAL SAUNDERS, individually and as City Attorney for the City of Inglewood; LARRY PETERSON, individually and as Counsel for the Inglewood Board of Civil Service Review; ARTIE FIELDS, individually and as Inglewood City Administrator; and DOES 1 THROUGH 10,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**CIVIL COVER SHEET**

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> ANDY BARILLAS, | **DEFENDANTS** <br> CITY OF INGLEWOOD, a municipal corporation; INGLEWOOD CITY COUNCIL; INGLEWOOD BOARD OF CIVIL SERVICE REVIEW; (See Attachment) |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Los Angeles County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Los Angeles County |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Dale G. Nowicki, Esq. <br> Lackie Dammeier McGill, APC <br> 367 N. Second Avenue <br> Upland, CA 91786    Tel: (909) 985-4003 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights | |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | SOCIAL SECURITY | |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 861 HIA (1395ff) | |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI | |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 690 Other | FEDERAL TAX SUITS | |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | |
| | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____ **CV 11-8975**

CV-71 (07/05)                **CIVIL COVER SHEET**                Page 1 of :

**CIVIL COVER SHEET**

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

---

**IX.  VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   Los Angeles County

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   _10 / 28 / 11_

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

**CIVIL COVER SHEET**

| SHORT TITLE:<br>— BARILLAS v. CITY OF INGLEWOOD, ET AL | CASE NUMBER: |
|---|---|

Attachment to CIVIL COVER SHEET

Additional Defendants:
CAL SAUNDERS, individually and as City Attorney for the City of Inglewood; LARRY PETERSON, individually and as Counsel for the Inglewood Board of Civil Service Review; ARTIE FIELDS, individually and as Inglewood City Administrator; and DOES 1 THROUGH 10,

Defendants.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___2___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

American LegalNet, Inc. | www.USCourtForms.com